Carl W. HOFFER, Plaintiff-Appellee,

v.

TOWN OF CARBONDALE and Board of Trustees of the Town of Carbondale, Defendants-Appellants.

No. 81CA1254.

Colorado Court of Appeals, Div. I.

March 10, 1983.

No appearance for plaintiff-appellee.

T. Peter Craven, P.C., T. Peter Craven, Glenwood Springs, for defendants-appellants.

COYTE, Judge.

The Town of Carbondale and Board of Trustees of Carbondale appeal from a judgment of the trial court determining that a rezoning ordinance is void. We reverse.

Carbondale Ordinance No. 18.88.02(a) provides for initiation of a zoning amendment and states that:

"Amendments to this title shall be processed as follows:

(a) A request for amendment may be initiated by the Town Planning and Zoning Commission, or may be presented to the Town Planning and Zoning Commission by those owning at least 50% of the area of real estate within the area proposed for change;"

After the Carbondale Board of Trustees had rezoned a portion of the town, plaintiff filed a C.R.C.P. 106(a)(4) proceeding in the district court seeking to have the rezoning ordinance declared void. The trial court held that the rezoning was deficient for two reasons.

"First, the petition must be signed by the owners of 50% of the land to be rezoned, not 50% of the owners [of the land]. Second, the finding [of the Board of Trustees] refers to residents, not owners."

We disagree with the selection of the applicable portion of the ordinance.

Here, petitions were presented to the Carbondale Planning & Zoning Commission requesting the rezoning of certain land within the Town of Carbondale. A public hearing was held at which no one spoke in opposition to the requested change. The Planning & Zoning Commission passed a motion recommending to the Town Council that it enact an ordinance for the proposed rezoning which action represented an initiation of the amendment in accordance with the first alternative specified in Ordinance 18.88.02(a). Also, no objection was made to the procedure followed until the instant suit was filed. Hence, the rezoning ordinance was enacted in compliance with the established procedures and was valid.

Judgment reversed.

PIERCE and KELLY, JJ., concur.